IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL ROBERT HAYNES,<br><br>              Petitioner,<br><br>v.<br><br>OREGON BOARD OF PAROLE AND<br>POST-PRISON SUPERVISION, et al.,<br><br>              Respondents. | Case No. 2:16-cv-00128-KI<br><br>OPINION AND ORDER |

**KING, Judge.**

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, challenging the Oregon Board of Parole and Post-Prison Supervision's holding in a murder review hearing that he is not capable of rehabilitation within a reasonable period of time. For the reasons set forth below, this Court denies Petitioner's Habeas Petition (ECF No. 1).

## BACKGROUND

On December 19, 1986, Petitioner pled guilty to a single count of Aggravated Murder. Resp't Ex. 101. His conviction arose out of the murders of Petitioner's estranged girlfriend (Sarah Mishler)

1 - OPINION AND ORDER

and her father (Frank Mishler). The trial court sentenced Petitioner to a life sentence, with a minimum thirty-year term of incarceration without the possibility of parole, release on work release, or any form of temporary leave or employment. *Id.* at 3-4.

On March 9, 2010, Petitioner filed a petition for a murder review hearing pursuant to Or. Rev. Stat. § 163.105, seeking to change the terms of his confinement to life imprisonment with the possibility of parole, release to post-prison supervision, or work release. Resp't Ex. 105 at 154; *see* Or. Rev. Stat. § 163.105(2). Prior to the hearing, the Oregon Board of Parole and Post-Prison Supervision (Board) provided Petitioner with a "Hearing Notice & Notice of Rights Packet." Resp't Ex. 105 at 5-10, 157.

On November 10, 2010, Petitioner appeared before the Board for his review hearing. Resp't Ex. 105 at 155-331. Petitioner was represented by counsel, offered documentary evidence, and testified concerning the details of his crime, his disciplinary record, and the steps he has taken to rehabilitate himself. *Id.* at 191-310. Petitioner's mother, a Washington County Deputy District Attorney, and victim representative Gary Scrutton also testified.

At the conclusion of the hearing, the Board issued Board Action Form (BAF) #4 holding that Petitioner "is not likely to be rehabilitated within a reasonable period of time," and that he "can petition for a change in the terms of confinement in *no less than four years*." Resp't Ex. 105 at 333 (emphasis added). In its formal Order, the Board elaborated that Petitioner (1) is unlikely to conform his conduct to the rules of the community; (2) has an unrealistic and short-sighted attitude towards the role of alcohol in the crime, (3) has not established "a baseline for reformation;" and (4) does not understand the impact of his actions on the lives of the victims' family. *Id.* at 339-41. The Board explained:

The Board concludes that offender has not met his burden of proof under ORS 163.105 and has not established that he is capable of rehabilitation within a reasonable period of time, and also finds that it is not reasonable to expect that offender would be granted a change in the terms of confinement before four years from the date the petition is denied. The Board considered the factors set out in OAR 255-032-0020 and in OAR 255-062-0016.

1. Offender's disciplinary history is poor. Inmate's recent period of clean conduct is unfortunately overshadowed by a lengthy history of serious institutional misconduct, including multiple incidents of assaultive conduct. Most notable to the Board is that inmate displayed an attitude of hostility, lack of accountability, and minimization towards his disciplinary infractions, as well as a sense of victimization that he appeared to feel as a result of the institutional hearings process. . . .

2. Inmate testified that prior to committing the murders he had been consuming alcohol . . . . However, inmate is disturbingly indifferent to the role alcohol may play in his life as a trigger for future misconduct. . . .

3. Offender's written submissions and testimony reveal a troubling failure to candidly confront the facts of his crime and come to terms with his responsibility for it. . . . .

Offender's account of the events surrounding the crime lacks credibility. . . .

. . . . The Board concludes that offender is unable to provide a coherent account of his crime, and to rigorously examine and confront the psychological and emotional factors that led him to commit (or at least facilitated the commission of) the murders. He maintains consistent denial of responsibility and deflection of blame.

4. Finally, the Board finds that offender expressed very little empathy or remorse in regard to the victims.

Resp't Ex. 105 at 339-42.

Petitioner sought administrative review which the Board denied in Administrative Review Request (ARR) #3, as follows:

In your administrative review request you make a number of claims of error by the Board. The Board has reviewed fully the request for administrative review and denies relief on each of the claims raised. In so concluding, the Board has determined that the claims are not supported by the factual record, are not sufficiently developed or explained, are without merit in light of the record and the Board's findings of fact

3 - OPINION AND ORDER

   and conclusions of law, or are meritless due to some combination of these factors. The Board discusses a few of the claims below.

 . . . .

   You appear to allege that the Board acted outside its authority in allowing a representative of the committing jurisdiction, as well as someone other than the next-of-kin to your victims, to make statements at the hearing. The Board finds that ORS 144.750(2)(b) mandates that both the victim and the district attorney "have the right to appear at a hearing conducted by the board and may submit . . . oral statements adequately and reasonably expressing any views concerning the crime and the offender." ORS 144.750(4) further specifies that "victim" includes "a representative selected by the victim." Doris Scrutton, sister and next-of-kin to Frank Mishler and aunt of victim Sarah Mishler, requested that her son Gary Scrutton speak on her behalf at the hearing. . . .

 . . . .

   You next allege that the Board violated OAR 255-032-0035 when it found that it is not reasonable to expect that you will be granted a change in the terms of confinement before four years from the date the petition was denied. OAR 255-032-0035, until amended in 2011, stated that following denial of a request for a change in the terms of confinement, the inmate may petition again "[n]ot less than two years after the denial," and that "[f]urther petitions for change may be made at intervals of not less than two years thereafter." As noted above, the Board applied ORS 144.285, ORS 163.105(4), and OAR 255-062-0011(1) to your case. The Board finds that it did not err in applying the 2009 statutory and rule changes because they do not conflict with former OAR 255-032-0035. While the former rule specifies a minimum period, it does not prohibit a longer interval.

*Id.* at 380-81.

 Petitioner petitioned for judicial review. The Oregon Court of Appeals affirmed the Board's Order without opinion and the Oregon Supreme Court denied review. Resp't Exs. 111, 112.

## STANDARDS

 Pursuant to 28 U.S.C. § 2254(d), a petition for writ of habeas corpus filed by a state prisoner shall not be granted, with respect to any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was "contrary to, or involved an unreasonable

4 - OPINION AND ORDER

application of, clearly established Federal law;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1) & (2); *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).

## DISCUSSION

Pursuant to Or. Rev. Stat. § 163.105(2), when a prisoner convicted of aggravated murder completes his minimum term of confinement, he may petition the Board for a hearing "to determine whether or not [he] is likely to be rehabilitated within a reasonable period of time." If the Board finds the prisoner is likely to be rehabilitated within a reasonable period of time, the terms of the prisoner's confinement are converted "to life imprisonment with the possibility of parole, release to post-prison supervision or work release," and the Board may set a release date. Or. Rev. Stat. § 163.105(3). "If the Board finds that the inmate is not capable of rehabilitation, the Board shall deny the relief sought" and "may not grant a subsequent hearing that is less than two years, or more than 10 years from the date the petition is denied." Or. Admin. R. 255-032-0035(1).

Petitioner challenges the Board's decision finding him not likely to be rehabilitated within a reasonable period of time, and setting his next hearing no sooner than November 2014. Petitioner alleges that the Board violated his due process and equal protection rights as follows: (1) the Board refused to "remain within [the] statutory requirements" of Or. Rev. Stat. § 163.105 (1985); (2) the Board refused to follow Or. Admin. R. 255-032-0035 (2010) in effect at the time of the hearing; (3) the Board's decision "is not based on Petitioner's current characteristics;" and (4) there was insubstantial evidence to support the Board's decision to permit Gary Scrutton to represent the victims at the hearing. Habeas Pet. at 3.

5 - OPINION AND ORDER

Respondent does not contend that Petitioner procedurally defaulted his available state remedies. *See* Resp't Resp. at 5. Rather, Respondent argues that Petitioner's Habeas Petition should be denied because (1) habeas relief is not available to remedy a violation of state law, and (2) the procedural protections in a parole board hearing are minimal and Petitioner received all the process he was due. Respondent concludes that the state courts' affirmance of the Board action is neither contrary to, nor an unreasonable application of, clearly established federal law. This Court agrees.

I. **Grounds One and Three**

In Grounds for Relief One and Three, Petitioner challenges the merits of the Board's decision on the basis that the Board refused "to remain within [the] statutory requirements" of Or. Rev. Stat. § 163.105 (1985), and failed to consider Petitioner's "current characteristics" rather than those he possessed when he committed the murders and/or engaged in misconduct at the correctional institution. Habeas Pet. at 2.[1] Petitioner argues that the Board relied on "unchangeable factors of his segregation placements since 1993 . . . not knowing if [the] disciplinary reports were even his." Pet'r's Br. at 8; *see also* Resp't Ex. 109 at 8-11. According to Petitioner, rather than deciding whether he is "likely to be rehabilitated within a reasonable period of time," the Board substituted a harsher burden requiring him to prove he "achieved rehabilitation." *Id.*

Petitioner's Grounds One and Three are properly characterized as a due process challenge to the *merits* of the Board's decision on the basis that it lacks "some evidence" to support it. *See Pearson v. Muntz*, 639 F.3d 1185, 1189-91 (9th Cir. 2011) (challenging parole unsuitability decision

---

[1] The Court notes that although Petitioner relies upon the 1985 version of Or. Rev. Stat. 163.105, the statute has not changed in terms of requiring the Board to consider "whether or not the prisoner is likely to be rehabilitated within a reasonable period of time." *See* 1985 Or. Laws, Ch. 3, § 1.

6 - OPINION AND ORDER

for lack of "some evidence"). In *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011), the Supreme Court held that there is no right under the United States Constitution to be conditionally released on parole before the expiration of a valid sentence. However, if *state* law creates a protected liberty interest to parole, the Due Process Clause requires fair procedures. *Id.* The Ninth Circuit has held that Or. Rev. Stat. § 163.105 creates a protected liberty interest. *Miller v. Oregon Bd. of Parole and Post Prison Super.*, 642 F.3d 711, 716 (9th Cir. 2011).

In the parole context, the *procedural* protections are "minimal," and require only that the state prisoner be given the opportunity to be heard and a statement of reasons why parole was denied. *Id.* at 220; *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011); *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011). If the state affords the *procedural* protections required by *Cooke*, "that is the end of the matter for purposes of the Due Process Clause." *Roberts*, 640 F.3d at 1046; *Cook v. Carey*, 466 F. App'x 629, at *1 (9th Cir. 2012).

In *Miller*, the Ninth Circuit applied the holding in *Cooke* to the Oregon Parole Board's decision that a prisoner was not likely to be rehabilitated within a reasonable time:

> Here, as in *Cooke*, Miller was afforded access to his records in advance of the hearings, and he was given the opportunity to submit information to the Board and to make a statement during the hearing. And, although the Board's initial decision was not explained, Miller was eventually provided a written statement of the reasons why he was denied early eligibility for parole. After *Cooke*, that is the beginning and the end of the inquiry into whether he received due process, so we need look no further to affirm the district court's denial of Miller's petition.

642 F.3d at 717.

Accordingly, because Petitioner has not demonstrated that he was denied the minimal procedural protections set forth in *Cooke*, the Board did not violate his due process rights in reaching its decision. Petitioner was provided notice of the hearing, was represented by counsel, offered

documentary and testimonial evidence, and the Board provided a written decision. The state court's rejection of Petitioner's due process claims is therefore neither contrary to, nor an unreasonable application of clearly established federal law.

## II. Ground Two

Ground Two pertains to the Board's decision to set Petitioner's next murder review hearing four years from the date of its 2010 decision. Petitioner alleges that the Board violated his right to due process and equal protection by refusing to base this decision on Or. Admin. R. 255-032-0035 (2010). Habeas Pet. at 2; Pet'r's Br. at 10-11. The Board addressed this retroactivity issue in ARR #4 as follows:

> .... [Oregon Administrative Rule] 255-032-0035, until amended in 2011, stated that following denial of a request for a change in the terms of confinement, the inmate may petition again "[n]ot less than two years after the denial," and that "[f]urther petitions for change may be made at intervals of not less than two years thereafter." As noted above, the Board applied ORS 144.285, ORS 163.105(4), and OAR 255-062-0011(1) to your case. The Board finds that it did not err in applying the 2009 statutory and rule changes because they do not conflict with former OAR 255-032-0035. While the former rule specifies a minimum period, it does not prohibit a longer interval.

Resp't Ex. 105 at 381.

At the time of Petitioner's murder review hearing, Or. Rev. Stat. § 144.285(1)(a) (2009) provided that if the Board denies a petition, it "may not grant the prisoner a subsequent hearing that is less than two years, or more than 10 years, from the date the petition is denied." Petitioner has failed to demonstrate how the Board's failure to apply Or. Admin. R. 255-032-0035 (2010), which did *not* prohibit the Board from postponing his next murder review hearing for four years violated due process.

8 - OPINION AND ORDER

To the extent that Petitioner is raising an *ex post facto* claim, it does not warrant habeas relief because he fails to point to any retroactive change in the law which created a significant risk of increasing the measure of punishment attached to his crime. *See Garner v. Jones*, 529 U.S. 244, 251, 255-56 (2000) (extension of intervals between parole considerations did not violate *Ex Post Facto* Clause); *Gilman v. Brown*, 814 F.3d 1007, 1016 (9th Cir. 2016) ("a decrease in the frequency of parole hearings—without more—is not sufficient to prove a significant risk of lengthened incarceration."); *see also Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017) (habeas is *not* available if success on claim would not necessarily lead to the petitioner's immediate or earlier release from confinement). To the extent Petitioner is simply arguing that the Board misapplied state law, habeas relief is not warranted. *Roberts*, 640 F.3d at 1046. For all of these reasons, the state courts' rejection of this claim is neither contrary to, nor an unreasonable application of clearly established federal law.

### III. Ground Four

In Ground Four, Petitioner alleges that the Board violated his due process and equal protection rights by allowing "Gary Scrutton to represent victims" at the hearing. Habeas Pet. at 2; Pet'r's Br. at 12-13; Resp't Ex. 109 at 18-19; *see* Or. Admin. R. 255-032-0025(4) & (5) (listing witnesses allowed to testify at murder review hearing). The Board denied Petitioner's challenge to Scrutton's testimony on the basis that a victim or a representative selected by the victim has the statutory right to appear at a murder review hearing. The Board explained that Doris Scrutton, sister and next-of-kin to Frank Mishler and aunt of victim Sarah Mishler, requested that her son Gary Scrutton speak on her behalf at the hearing.

Resp't Ex. 105 at 380. Petitioner's challenge to this decision is, at best, an allegation that the Board violated state law. Accordingly, habeas relief is not warranted. *Roberts*, 640 F.3d at 1046

## CONCLUSION

Based on the foregoing, this Court denies Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). Because Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 14 day of April, 2017.

*Malcolm F. Marsh*
for. Garr M. King
United States District Judge